UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| JOE DANIEL HOLT, JR., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 7:17-cv-00678-AKK-JEO |
| GWENDOLYN GIVENS, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

The magistrate judge filed a report on October 17, 2017, recommending this action be dismissed without prejudice for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b). (Doc. 33). The plaintiff was notified of his right to file objections within fourteen (14) days of the report and recommendation (*id*., at 44-45), and on November 3, 2017, the court received the plaintiff's objections (doc. 35).

The majority of the plaintiff's objections are based on disagreement with the law the court must apply under 28 U.S.C. § 1915A. This court is bound by the Eleventh Circuit's rules for reviewing *pro se* prisoner complaints pursuant to 28 U.S.C. §§ 1915A and 1915(e).[1] The Eleventh Circuit requires a plaintiff

---

[1] The difference between these statutes is that § 1915A applies solely to prisoner actions, whereas § 1915(e) applies to all cases proceeding *in forma pauperis*. *See* 28 U.S.C. §§ 1915(e) and 1915A. Because the plaintiff paid his filing fees in full, the plaintiff is not proceeding *in forma pauperis* here. However, the review mandated by § 1915A still applies because of the

demonstrate conduct taken under color of law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. *See e.g., Griffin v. City of Opa-Locka,* 261 F.3d 1295, 1303 (11th Cir. 2001). The complaint must demonstrate that the facts as pled state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically,

> [u]nder § 1915A, the district court must review a prisoner's § 1983 complaint "before docketing, if feasible, or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The district court must "identify cognizable claims," *id.* § 1915A(b), and dismiss any portion of the complaint that [] is "frivolous, malicious, or fails to state a claim upon which relief can be granted." *Id*. § 1915A(b)(1).

*Dollar v. Coweta County Sheriff Office*, 446 F. App'x 248, 250 (11th Cir. 2011).

Turning to the plaintiff's specific objections, he first complains that the magistrate judge failed to address whether the defendants acted under color of state law. (Doc. 35 at 1). Each of the named defendants is a prison official and the magistrate judge clearly recognized that each of the named defendants is a state actor for purposes of § 1983. Because each defendant's status as a state actor was accepted as fact, the magistrate's failure to discuss this is not error.

---

plaintiff's status as a prisoner. Review under either statute is guided by the standards used for Rule 12(b)(6), Federal Rules of Civil Procedure. *Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001); *Jemison v. Mitchell*, 380 F. App'x 904, 906 (11th Cir. 2010). Under Rule 12(b)(6), the court views all allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *McKissick v. Comm'r, GA Dep't of Corrs.,* 587 F. App'x 567, 573 (11th Cir. 2014) (citing *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008)). The magistrate judge correctly applied this standard in his report and recommendation.

The plaintiff also faults the magistrate judge for not addressing whether the defendants acted willfully, wantonly, in bad faith, and in dereliction of other legal standards of intent. (Doc. 35 at 1). The court is required by 28 U.S.C. § 1915A to consider whether the facts, as alleged by the plaintiff, state any cause of action upon which relief may be granted, taking those facts as true and construing them in the light most favorable to the plaintiff. *See e.g., Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008). If those facts as pled do not state a claim for relief that is plausible on its face, the court must dismiss the complaint. *Iqbal*, 556 U.S. at 678. Thus, the magistrate judge took all of the plaintiff's allegations of fact, including those regarding the defendants' actions, as true. Whether the plaintiff can produce evidence supporting his allegations is not a proper consideration in § 1915A review.

The plaintiff next asserts the magistrate judge failed to discuss that the defendants caused the plaintiff a variety of damages. (Doc. 35 at 1). The question of types of damages suffered by the plaintiff is not reached prior to a determination of whether the complaint, as amended, even states a cause of action upon which relief can be granted. *See Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as

true, 'plausibly give rise to an entitlement to relief.'"). Because the court cannot find any legal wrongdoing by a person acting under color of state law is alleged in the final amended complaint, the harm the plaintiff claims to have suffered is not relevant.

The plaintiff also complains that the magistrate judge failed to discuss that the plaintiff had invoked his right to a jury trial under the Seventh Amendment and Rule 38, Fed. R. Civ. P. (Doc. 35 at 1). The plaintiff is mistaken in his assertion that because he "invoked his Constitutional Right to a jury trial" the court must allow this case to proceed to trial. Because this action does not survive 28 U.S.C. § 1915A review, the fact the plaintiff wants his claims tried by a jury is of no consequence. Rule 38 simply does not require a court to hold a jury trial any time a demand for one is made. Rather, Rule 38 recognizes that a right to jury trial, for claims surviving various types of judicial review, exists. Because the plaintiff is a prisoner, the court is required to review his claims, as set forth in § 1915A(b)(1) (requiring screening of a complaint "as soon as practicable after docketing"). *See e.g., Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1096 n.11 (11th Cir. 2014) ("under 28 U.S.C. § 1915A, the district court may *sua sponte* dismiss a prisoner's complaint or any portion of the complaint for any of those four reasons [stated in § 1915A] prior to service of process"); *Smith v. Hutchins*, F. App'x 785, 787-88 (11th Cir. 2011); *Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir.

2007). Where, as here, the plaintiff has failed to state a factually valid legal claim, dismissal of his claim is warranted.

The next objections concern the procedural background and standard of review. (Doc. 35 at 2). The plaintiff complains that the magistrate judge stated the May 4, 2017, motion to amend the complaint sought to add a claim for "seizure of [the plaintiff's] cell phone and ten self-addressed stamped manila envelopes" instead of a "cell phone, cell phone box, ten self-addressed stamped envelopes and a self-addressed stamped manila envelope." (*Id.*). As the plaintiff filed additional amended complaints on June 8, 2017, July 7, 2017, and August 7, 2017 (docs. 15, 25, and 30), any misstatement concerning the number or size of self-addressed stamped envelopes referenced in the May 4, 2017, amended complaint had no impact on recommendations in the magistrate judge's report. The plaintiff's assertion that his final amended complaint only concerned multiple defendants at two rather than four institutions (doc. 35 at 2) is contradicted by the content of that complaint: The plaintiff's August 7, 2017, final amended complaint asserted claims for a frivolous write up at Childersberg Work Release (doc. 30 at 3-4); frivolous disciplinary actions and wrongful confiscation of property while at Hamilton Work Release (*id.*, at 4-7); wrongful disciplinary actions, violations of his Fourth and Eighth Amendment rights, and denial of privileges at Hamilton A&I (*id.*, at 7-8; doc. 30-1 at 4); and violation of his right to a classification review and

violations of state procedures in his move to and retention at Bibb Correctional Facility (doc. 30 at 8; doc. 31 at 1-2). Moreover, the magistrate judge specifically stated that, given that the plaintiff could sincerely believe his plethora of claims all arose from a continuous tort, the report and recommendation would consider each of the claims raised in the plaintiff's final amended complaint. (Doc. 33 at 4 and n.3).

The plaintiff objects to the standard of review required under 28 U.S.C. § 1915A. (Doc. 35 at 2). Specifically, he asserts the court must have evidentiary material before it can find whether genuine issues of material fact exist. (*Id.*). The plaintiff is correct in that evidentiary material is necessary before the court can rule on a summary judgment motion under Rule 56, and that the standard for summary judgment is, in part, whether any genuine issues of material fact remain. However, the report and recommendation did not reach this issue. Unlike the summary judgment standard, § 1915A review requires the court to consider whether the facts stated in the plaintiff's complaint, taken as true and construed in the light most favorable to the plaintiff, state a cause of action upon which relief may be granted. *See e.g., Hernandez v. Florida Dept. of Corrections*, 281 F. App'x 862, 864 n.1 (11th Cir. 2008) ("To the extent that Hernandez challenges the *sua sponte* dismissal on a procedural basis, we note that a district court may screen all complaints filed *in forma pauperis* and all prisoner suits seeking redress from

governmental entities or government employees …. Because Hernandez was proceeding *in forma pauperis* as a prisoner and suing a state prison and prison officers, we reject his procedural challenge to the *sua sponte* dismissal prior to service of process on the defendants and prior to discovery.").

The plaintiff objects to the magistrate judge taking judicial notice of why the plaintiff is serving a life sentence. (Doc. 35 at 3). The plaintiff does not assert that any of the factual statements are incorrect, or were used improperly, but only that it is irrelevant to his current claims. (*Id.*). As stated in the very footnote to which the plaintiff objects, this court may take judicial notice of state court proceedings. (Doc. 33 at 6 n.5, citing *Grider v. Cook*, 522 F. App'x 544, 545 n.2 (11th Cir. 2013)). *See Tabb v. Brown*, 2013 WL 2446288, *1 n.1 (N.D. Ga. June 4, 2013) ("The Court may take judicial notice of publicly available information about jail inmates on government websites.").

In the report and recommendation, the magistrate judge noted the plaintiff's claim that when he was transferred to Hamilton Work Release in October 2016 he was told in orientation that the Job Placement Officers, including Thomas Black, knew that prisoners were using cell phones at their places of employment and were not worried about it. (Doc. 33 at 8). The plaintiff asserts the report and recommendation failed to name defendant William Morrison in the same paragraph, as the final amended complaint did. (Doc. 35 at 3). However, the

7

plaintiff does not allege that referring to "the Job Placement Officers, including Thomas Black," as opposed to "the Job Placement Officers, including Thomas Black and William Morrison," has any impact on whether his claims are subject to dismissal pursuant to § 1915A.

The plaintiff objects to the magistrate judge's recommendation that each of the plaintiff's claims falls within the parameters for *sua sponte* dismissal under 28 U.S.C. § 1915A, because he believes "each of plaintiff's claims has arguable merit in law and fact." (Doc. 35 at 3). This objection is no more than a random statement of law. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Smith v. Owens*, 625 F. App'x 924, 926 (11th Cir. 2015) (*quoting Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)).

The plaintiff objects to the magistrate judge's determination that the plaintiff's claims for the return of various possessions are properly brought before the Board of Adjustment and the state courts of Alabama. (Doc. 35 at 3-4). He asserts that this court clearly has not taken notice of the plaintiff's previous claims with the Board of Adjustment and that because he was denied compensation, he is entitled to a jury trial here. (*Id.*). However, as set forth in the report and recommendation, only if the state refuses to provide a sufficient process does the plaintiff have a viable due process claim under the Fourteenth Amendment. (Doc.

33 at 13-16). The fact that the plaintiff did not get the result he wanted from that process does not make the process itself legally insufficient. To the extent the plaintiff objects that the magistrate judge failed to consider that the plaintiff demanded a jury trial before finding adequate state law remedies were available, such an argument is a legal *non sequitur*. As previously stated, just because the plaintiff demanded a jury trial or relief in his complaint does not equate to a legal right to those demands.

The plaintiff possibly objects to the finding that the Fourth Amendment does not protect against seizures of prisoner's possessions while at work release employment because the plaintiff believes the seizure of his property was unconstitutional.[2] (Doc. 35 at 4). As previously stated, the plaintiff's avenue to recover property lies wholly with the State Board of Adjustment and the state courts of Alabama.

The plaintiff objects to the magistrate judge's finding that the plaintiff failed to state a claim upon which relief can be granted under 42 U.S.C. §§ 1981 and 1985. (Doc. 35 at 4). As set forth in the report and recommendation, no cause of action under § 1981 against state actors exists. (Doc. 33 at 16). Section 1981 does not provide any remedies against state actors beyond those set forth in § 1983.

---

[2] The plaintiff agrees his Fourth Amendment claim for the search of his cell and his employee box at King Kutter is due to be dismissed. (Doc. 35 at 4). His argument seems to be that while the search of his employee box was within the constitution, the seizure of items as a result of that search was unconstitutional because he had a property interest in everything seized. (*Id.*).

*Butts v. County of Volusia*, 222 F.3d 891, 892 (11th Cir. 2000). The plaintiff's argument otherwise consists of merely quoting the content of that United States Code section. Section 1985 requires a showing of racial or other discriminatory animus for a conspiracy claim. *Asad v. Bush*, 170 F. App'x 668, 673 (11th Cir. 2006) (citing *Park v. City of Atlanta*, 120 F.3d 1157, 1161 (11th Cir. 1997)). The plaintiff's generalized allegation that a conspiracy existed among all the named defendants is wholly insufficient to actually allege a viable conspiracy claim under § 1985. The plaintiff asserts only that "approximately 12 of the defendants [have] conspired against plaintiff" and therefore "the plaintiff's claims based on §§ 1981 and 1985 shall not be dismissed." (Doc. 35 at 5). These allegations do not provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Indeed, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* As stated in *Twombly*, the plaintiff must show his claims have enough "heft" to demonstrate he is entitled to relief. *Twombly*, 550 U.S. at 557. The plaintiff's claims here do not.

The plaintiff objects to the finding that his allegations of violations of administrative regulations, taken as true, do not state constitutional claims. (Doc.

35 at 5). The plaintiff does not argue that violations of state law can create constitutional violations, but instead he asserts that since he requested a jury trial, he should have one to determine the merits of his claims. (*Id.*). This argument has no basis in law.

The plaintiff next takes issue with the legal standards for whether his procedural due process rights were violated when he was charged with disciplinary actions. (Doc. 35 at 5-6). While the plaintiff claims the magistrate judge could not determine whether evidence supported the findings of the hearing officer in each of the disciplinary actions (*id.*), no such determination by this court would even be proper during § 1915A review. Rather, the sole issue for this court when considering constitutional claims based on disciplinary actions is whether the state action imposed some "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Whether the disciplinary actions were merited, deserved, or even patently false is not a proper consideration for this court. *See O'Bryant v. Finch*, 637 F.3d 1207, 1215 (11th Cir. 2011). Because the plaintiff did not allege any of his procedural rights were violated, he did not state a claim upon which relief can be granted.[3]

---

[3] Although the plaintiff claims *Wolff v. McDonnell*, 418 U.S. 539 (1974), requires this court submit the plaintiff's due process claims arising from the disciplinary actions to a jury, *Wolff* requires no such thing. Rather, *Wolff* mandates that prisoners receive (1) "advance written notice of the charges against them"; (2) "an opportunity ... to call witnesses and present documentary evidence, so long as doing so is consistent with institutional safety and correctional goals"; and

11

The plaintiff's attempt to rephrase this objection as an equal protection claim (doc. 35 at 7) fares no better. Although he believes he should have the opportunity to identify fictitious parties through discovery to demonstrate other prisoners received lesser punishments, this has no bearing on whether his final amended complaint stated a viable claim for equal protection. Moreover, fictitious party pleading does not exist in federal court. *See e.g., Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citing *New v. Sports & Recreation, Inc*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997)) ("fictitious party pleading is not allowed in federal court"). Rather, for a viable equal protection claim, a plaintiff must allege that he was treated differently from similarly situated persons and that any such disparate treatment was based on his membership in a protected class. *Wusiya v. City of Miami Beach*, 614 F. App'x 389, 393 (11th Cir. 2015) (citing *DeYoung v. Owens*, 646 F.3d 1319, 1327–28 (11th Cir. 2011)). The plaintiff's failure to set forth any such facts in his final amended complaint requires a dismissal of this claim. The plaintiff's assertion that he is due a jury trial on this claim does not require a finding otherwise.

The plaintiff objects to the fact he has no constitutional right to a certain classification because he believes that once he earns a classification he should not be deprived of it without due process. (Doc. 35 at 6). This simply is not the law.

---

(3) "a written statement by the factfinder outlining the evidence relied on and the reasons for the disciplinary action." *Wolff*, 418 U.S. at 563–67.

*Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Jones v. U.S.*, 534 F.2d 53, 54 (5th Cir. 1976 ("courts have uniformly held that prison officials must have broad discretion, free from judicial intervention, in classifying prisoners"). The plaintiff's disagreement with the law is not a proper basis for an objection to the report and recommendation.

Similarly, the plaintiff objects to the fact that he has no property interest in his work release job and wants the merits of whether he has a property interest in this job presented to a jury. (Doc. 35 at 6). As previously stated, the fact that the plaintiff disagrees with the law does not entitle him to a jury trial. No basis for claiming a property interest in a work release job exists under Alabama law. *See Whitehorn v. Harrelson,* 758 F.2d 1416, 1420 (11th Cir. 1985).

The plaintiff asserts the magistrate judge incorrectly concluded that the plaintiff failed to state a conspiracy claim because his amended complaint alleges violations of his First, Fourth, Fifth, Eighth, Thirteenth and Fourteenth Amendment rights. (Doc. 35 at 6). But the mere assertion of a constitutional right does not in and of itself state a claim upon which relief can be granted. The plaintiff failed to allege any supporting operative facts demonstrating that the defendants "reached an understanding" or had a "meeting of the minds" to violate his constitutional rights. *Addickes v. S.H. Kress & Co.*, 398 U.S. 144, 152, 158 (1970). The plaintiff's factual allegations, taken as true, fail to state a claim of

constitutional proportion. The plaintiff's statement that a "reading of plaintiff's complaint reveals contacts between the defendants demonstrating that an understanding was reached [] sufficient [to] establish a conspiracy" (doc. 35 at 6), does not require a finding otherwise.

In response to magistrate judge's conclusion that the final amended complaint failed to state a claim upon which relief can be granted for an Eighth Amendment prison conditions claim, the plaintiff asserts that the Seventh Amendment preserves his right to a jury trial. (Doc. 35 at 7). As previously stated, the constitutional recognition that a right to a jury trial exists does not equate to a legal requirement that meritless claims must be submitted to a jury. Section 1915A requires a court determine whether the facts alleged in the complaint, taken as true and viewed in the light most favorable to the defendant, state a claim upon which relief can be granted. The plaintiff's reliance on the Seventh Amendment does not require a finding otherwise.

Likewise, the plaintiff objects to the magistrate judge's finding that the plaintiff's First Amendment claim did not survive § 1915A review because the plaintiff failed to allege any actual infringement on his practice of religion. (Doc. 35 at 7). However, the plaintiff's failure to identify any sincerely held religious belief is fatal to this claim. Additionally, the plaintiff failed to identify any interference with his practice of any religion based on having to keep prayer oil in

the chapel rather than his cell. The plaintiff's allegations did not state a viable First Amendment claim for interference with the practice of religion. *See e.g.*, *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348–53 (1987); *Davila v. Gladden*, 777 F.3d 1198, 1212 (11th Cir. 2015) (citing *Turner v. Safley*, 482 U.S. 78,84 (1984)) (The First Amendment prohibits prison officials from imposing a substantial burden on the free exercise of an inmate's "sincerely held" religious belief unless their actions or restrictions are "reasonably related to legitimate penological interests.").

The plaintiff further asserts that his Thirteenth Amendment claim should be heard by a jury because he was forced to work for free after being removed from his work release job. (Doc. 35 at 8). However, as set forth in the report and recommendation, the plaintiff had no right to a work release job and no court has ever found that requiring prisoners to perform duties at a prison for free equates to slavery. (Doc. 33 at 28-31, 42-43).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections thereto, the magistrate judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Therefore, in accordance with 28 U.S.C. § 1915A(b), this action is due to be dismissed without prejudice as frivolous and for failing to state a claim upon which relief can be granted.

A Final Judgment will be entered.

**DONE** the 13th day of November, 2017.

                                        **ABDUL K. KALLON**
                                   UNITED STATES DISTRICT JUDGE